UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
Carl Hereford,

                      Plaintiff,

   -v-

The City of New York; New York City Police
Department ("NYPD") Police Officer ("P.O.")
Brian Grant, Shield No. 14907, and NYPD P.O.
John and Jane Does in their individual capacities,

                      Defendants.
------------------------------------------------------------------x

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No. 17-CV-1409

Plaintiff, Carl Hereford, by his attorney David B. Rankin for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff Carl Hereford ("Mr. Hereford")'s rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally detained and arrested plaintiff despite the absence of probable cause. By reason of defendants' actions, including the unreasonable and unlawful seizure of his person, plaintiff was deprived of his constitutional rights.

3. Plaintiff seeks compensatory damages, punitive damages, and attorneys' fees.

///

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that plaintiff's claim arose in the Eastern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

## PARTIES

8. Plaintiff Mr. Hereford is, and was at all times relevant to this action, a resident of the County of Kings in the State of New York.

9. Defendant the City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and police officers as said risks attach to the public consumers of the services provided by the NYPD.

10. NYPD Police Officer Brian Grant, Shield No. 14907 ("P.O. Grant"), and NYPD P.O. John and Jane Does ("P.O. Does") (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees, and agents of the NYPD.

11. The individual defendants are being sued herein in their individual capacities.

12. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents, and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees, and agents of the NYPD.

13. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

14. At all relevant times, the individual defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

15. The true name and shield number of defendants P.O. John and Jane Does is not currently known to the plaintiff. However, they were employees or agents of the NYPD on the date of the incident. Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officers as defendants in an amended pleading once the true name and shield number of said defendants becomes known and (b) that the Law Department should immediately begin preparing their defenses in this action.

## STATEMENT OF FACTS

16. On August 11, 2016, Mr. Hereford was walking near the intersection of Hicks Street and Mill Street in the County of Kings with several friends.

17. At approximately 12:01 a.m., P.O. Grant and other individual defendants pulled up next to Mr. Hereford and his friends in an unmarked police vehicle.

18. P.O. Grant and other individual defendants stopped their car, got out the vehicle, and began questioning one of Mr. Hereford's friends.

19. An individual defendant then began aggressively arresting Mr. Hereford's friend.

20. Mr. Hereford turned on the flashlight function on his phone and pointed it at the arrest.

21. Mr. Hereford was attempting to make the police believe he was filming them so they would be less violent in arresting his friend.

22. P.O. Grant then stepped between Mr. Hereford and the arrest.

23. P.O. Grant shoved Mr. Hereford away from the arrest.

24. Then P.O. Grant proceeded to arrest Mr. Hereford.

25. The individual defendants took Mr. Hereford to 76th Precinct.

26. The individual defendants took Mr. Hereford's phone and illegally held it.

27. The individual defendants unlawfully detained Mr. Hereford.

28. Defendant P.O. Grant falsely swore Mr. Hereford engaged in "Resisting Arrest," "Obstruction of Governmental Administration," and "Disorderly Conduct."

29. On information and belief, Defendant P.O. Grant forwarded this false information to a prosecutor.

30. On information and belief, the charges against Mr. Hereford were dismissed.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF RIGHTS
### UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983
(Against the individual defendants)

31. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

32. By their conduct and actions in falsely arresting plaintiff, fabricating evidence, abusing criminal process, maliciously prosecuting, and by failing to intercede to prevent the complained of conduct, individual defendants acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed through 42 U.S.C. § 1983 and the United States Constitution, including its Fourth, Fifth, Sixth and Fourteenth Amendments.

33. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

### SECOND CLAIM FOR RELIEF
### *MONELL* CLAIM AGAINST DEFENDANT CITY – 42 U.S.C. § 1983
### (Against the City of New York)

34. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

35. P.O. Grant and the other individual defendants' acts and omissions described above were carried out pursuant to the City's overlapping customs and practices which were in existence on August 11, 2016 and were engaged in with the full knowledge, consent, and cooperation and under the supervisory authority of the City, its agency, the NYPD, and William Bratton.

36. The acts complained of were carried out by P.O. Grant and the other individual defendants in their capacities as police officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

37. The aforementioned custom and practice of the City and the NYPD include, but are not limited to, a pattern and practice of verbal harassment, physical assault, and unlawful arrests of young men of color whom the NYPD believes reside in or around the Red Hook Houses.

38. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in numerous complaints of the same conduct substantiated by the Civilian Complaint Review Board, and brought before this court in the form of civil lawsuits.

39. All of the foregoing acts by defendants deprived the plaintiff of federally protected rights.

40. Defendant City knew or should have known that the acts alleged herein would deprive the plaintiff of their rights, in violation of the United States Constitution.

41. Defendant City is directly liable and responsible for the acts of the individual police defendants because it repeatedly and knowingly failed to properly supervise, train, instruct, and discipline them and because it repeatedly and knowingly failed to enforce the rules and regulation of the City and NYPD, and to require compliance with the Constitution and laws of the United States.

42. Despite knowledge of such unlawful de facto policies, practices and/or customs, these supervisory and policy-making officers and officials of the NYPD and the City did not and have not taken steps to terminate these policies, practices and/or customs, do not discipline individuals who engage in such policies, practices and/or customs, or otherwise properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority, and instead sanction and ratify these policies, practices and/or customs through their active encouragement of, deliberate indifference to and/or reckless disregard of the effect of said

policies, practices and/or customs upon the constitutional rights of persons in the City of New York.

43. The aforementioned City policies, practices and/or customs of failing to supervise, train, instruct and discipline police officers and encouraging their misconduct are evidenced by the police misconduct detailed herein. Specifically, pursuant to the aforementioned City policies, practices and/or customs, the individual defendants felt empowered to exercise unreasonable and wholly unprovoked force against plaintiff, arrest plaintiff without probable cause and then fabricate and swear to a false story to cover up their blatant violations of plaintiff's constitutional rights. Pursuant to the aforementioned City policies, practices and/or customs, defendants failed to intervene in or report other defendants' violation of plaintiff's rights or subsequent perjury.

44. Mr. Hereford's injuries were a direct and proximate result of the defendant City and the NYPD's wrongful de facto policies and/or well-settled and widespread customs and practices and of the knowing and repeated failure of the defendant City and the NYPD to properly supervise, train and discipline their police officers.

45. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of the plaintiffs' constitutional rights.

46. As a result, plaintiff was damaged and otherwise harmed as set forth above.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

    a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation;

    b. That he be awarded punitive damages against the individual defendants;

    c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

7

    d.    For such other further and different relief as to the Court may seem just and proper.

Dated:    March 13, 2017
             New York, New York

Respectfully submitted,

By: _____
David B. Rankin
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507
e: David@DRMTLaw.com

8